UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ~~00-4067-LSS~~

00-6094-CR-NCR

UNITED STATES OF AMERICA,

VS.

JUANA CAROLINA DUQUE-DIAZ

Defendant.
_____/

DETENTION ORDER

THIS MATTER came before the Court upon the Government's motion to detain the defendant, **Juana Carolina Duque-Diaz**, prior to trial and until the conclusion thereof. Having received evidence and heard argument of counsel, the Court hereby GRANTS the motion and enters its written findings of fact and statement of reasons for the detention in accordance with the provisions of 18 U.S.C. § 3142(i).

A.   INTRODUCTION

On April 11, 2000, the Court held a hearing to determine whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any person and the community. 18 U.S.C. § 3142(f). Based upon the evidence presented, the Court finds probable cause that the defendant, **Juana Carolina Duque-Diaz**, committed an offense for which a maximum term of imprisonment

of ten (10) years or more is prescribed in the Controlled Substances Act, 21 U.S.C. § 801 et seq. This finding gives rise to a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e). Assuming, arguendo, that the defendant has come forward with sufficient evidence to rebut the statutory presumption, the presumption "remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence." United States v. Quartermaine, 913 F.2d 910, 916 (11th Cir. 1990); United States v. King, 849 F.2d 485, 488 (11th Cir. 1988). Throughout this proceeding, the burden of persuasion is upon the Government to establish by the "preponderance of the evidence" that the defendant poses a risk of flight and/or by "clear and convincing evidence" that she poses a danger to the community. Id. at 489; 18 U.S.C. § 3142(f). In determining whether the Government has met its burden by the requisite standard of proof, this Court must take into account the factors enumerated in 18 U.S.C. § 3142(g).

B.  FINDINGS OF FACT

1.  The defendant is charged with possession with intent to distribute heroin and conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C. §§ 841 (a)(1) and 846. Therefore, the defendant is charged with crimes involving a narcotic drug. 18 U.S.C. § 3142(g)(1).

2.  The Court received credible evidence that the defendant committed the offenses with which she has been charged. On March 30, 2000, a confidential informant ("CI") advised the DEA that she was familiar with Vanessa Gesen, a Colombian national

who is currently a fugitive in an unrelated DEA investigation out of New York. The CI reported that Gesen had three and a half kilograms of heroin being imported into Miami for sale at $66,000 per kilogram. Gesen added that a Miami based member of her organization would contact the CI on a digital pager.

In early April 2000, an individual later identified as **Juana Carolina Duque-Diaz** contacted the CI on a pager. **Duque-Diaz** advised that she was calling on behalf of Gesen. **Duque-Diaz** stated that she was in Miami and ready to deliver the heroin.

On April 1, 2, and 3, the CI made a series of controlled telephone calls both to Gesen and to **Duque-Diaz**, during which conversations they negotiated the heroin delivery. The CI agreed to travel to Miami to meet with **Duque-Diaz** to purchase the heroin.

On April 4, 2000, the CI called Gesen and informed her that she was in South Florida and ready to take delivery of the heroin. Gesen told the CI that she would contact **Duque-Diaz** and advise her to call the CI. **Duque-Diaz** later called the CI and agreed to meet her at a Hollywood shopping center to continue negotiations for the heroin delivery. At approximately 4:00 p.m., the CI, accompanied by an undercover agent ("U/C"), traveled to the Hollywood shopping center. Approximately one hour later, **Duque-Diaz** arrived and met with the CI and the U/C. **Duque-Diaz** told them that she had recently arrived in Florida with three big packages concealed in some jars. She further stated that she was told to bring to the meeting a sample of heroin for purposes of inspection. **Duque-Diaz** then retrieved a one gram sample of heroin from her vehicle; she told the CI and the U/C to inspect the sample and call Gesen in Colombia if they were satisfied. **Duque-Diaz** then departed. A presumptive test of the substance proved positive for the presence of opiates.

The CI then placed another series of controlled telephone calls to Gesen in Colombia, informing Gesen that she was satisfied with the sample and wanted to purchase the three and a half kilograms of heroin. Gesen told the CI that the actual owner of the heroin wanted to make delivery only in one kilogram increments; the CI agreed.

At approximately 7:00 p.m, **Duque-Diaz** called the CI and agreed to meet at the Hollywood shopping center by 8:00 p.m. At approximately that time, the CI and the U/C arrived at the shopping center and met with **Duque-Diaz**, who told the CI and the U/C that the package was in the back seat of her vehicle. The U/C then looked inside the vehicle and located a large shopping bag that contained various items, including a substance believed to be heroin. Law enforcement agents then placed **Duque-Diaz** under arrest. They performed a presumptive test of the substance in the bag, which proved positive for opiates.

**Duque-Diaz** was advised of her <u>Miranda</u> rights and waived the same. She told agents that she had smuggled the heroin into the United States from Colombia. She informed them that Gesen had authorized her to deliver the heroin to the CI. She further related that she had more heroin in her Miami Beach hotel room. DEA agents then traveled to that hotel room and met with **Duque-Diaz**'s mother, who consented to a search of the room. During the search, agents located and seized approximately one and a half kilograms of heroin. They performed a presumptive test on the seized substance, and it proved positive for the presence of heroin. 18 U.S.C. § 3142 (g)(2).

3. The pertinent history and characteristics of the defendant are significant to this Court's assessment of her candidacy for bond. The defendant is a citizen of Colombia

4

who had entered the United States on a tourist visa only four days prior to her arrest. She stated that she had been to the United States on various occasions in the past.

The Pretrial Services Report reflects that the defendant's entire family reside in Colombia, with the exception of a younger brother in Miami. She further reports that she has been a full-time student for the past two months.

According to the Pretrial Services Report, the defendant was arrested for shoplifting in Florida in 1997, to which charge she entered a plea of nolo contendere. 18 U.S.C. § 3142 (g)(3)(A) and (B).

4.  The Court received evidence concerning the nature and seriousness of the danger to the community that would be posed by the release of this defendant. The defendant acknowledged importing approximately three and a half kilograms of heroin for purposes of distribution. 18 U.S.C. § 3142(g)(4).

5.  The Court specifically finds by the preponderance of the evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance at trial. 18 U.S.C. § 3142(e).

6.  The Court specifically finds by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(e).

C.  STATEMENT OF REASONS FOR DETENTION

1.  Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable risk of flight. The defendant is without any legitimate financial ties or significant emotional ties to the United

States. She is a resident and citizen of Colombia and had only been in this country for four days at the time of her arrest. Given the extensive period of incarceration she would face upon conviction (the Government estimates 151 to 188 months under the Guidelines), coupled with her lack of ties to the United States, the undersigned does not believe that she would be likely to appear if released on bond prior to trial.

2. Based upon the above findings of fact, this Court concludes that the release of this defendant on bond prior to trial would present an unreasonable danger to persons and to the community. The defendant acknowledged importing a substantial quantity - three and a half kilograms - of heroin into the United States for distribution in single kilogram increments. Both the quantity of heroin and the manner of its distribution suggest that the defendant's violation was the result of a well-considered plan, rather than a momentary lapse of judgment.

D. DISPOSITION

Being fully advised, the Court hereby ORDERS that the defendant, **Juana Carolina Duque-Diaz,** be detained prior to trial and until the conclusion thereof.

The Court further DIRECTS

1. That the defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. That the defendant be afforded reasonable opportunity for private consultation with counsel; and

3. That, on order of a court of the United States or on request of an attorney for

the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

DONE AND ORDERED at Fort Lauderdale, Florida this ___ day of April 2000.

_____
BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

Copies to:

Martin Bidwell, Esquire
Assistant Federal Public Defender
Attorney for Defendant

Kathleen Rice, Esquire
Assistant United States Attorney

United States Marshal

United States Pretrial Services