

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA    )    CASE NO. ___00-6094-Cr-ROETTGER
                            )    Magistrate Judge
                            )
                            )
v.                          )
                            )
                            )
JUANA CAROLINA DUQUE-DIAZ   )
                            )
        Defendant.          )

_____    **GOVERNMENT'S RESPONSE TO**
                                     **THE STANDING DISCOVERY ORDER**

        The United States hereby files this response to the Standing

Discovery Order.  This response also complies with Local Rule 88.10

and Federal Rule of Criminal Procedure 16, and is numbered to

correspond with Local Rule 88.10.

    A.    1.    There are no written statements made by the
                defendant.

          2.    The government is unaware of any oral statements
                made by the defendant before or after arrest in
                response to interrogation by any person then known
                to the defendant to be a government agent that the
                government intends to use at trial, except as
                indicated in reports or other documents attached to
                this response and incorporated herein by reference.

          3.    No defendant testified before the Grand Jury.

          4.    The NCIC record of the defendant, if any exists,
                will be made available upon receipt by this office.



5.   Books, papers, documents, photographs, tangible objects, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 500 E. Broward Blvd., Ft. Lauderdale, Florida. Please call the undersigned to set up a date and time that is convenient to both parties.   The undersigned will tentatively set the date for May 10,2000 at 5:00 p.m.. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.   This time is set due to previous commitments of the case agent, and defense counsel's absence from his office during the week of May 1.   A more convenient time may be set upon agreement of the parties.   Two audio tapes, marked as N-11 and N-12, accompany this response, and are copies of tapes which may be introduced in evidence in this cause.   An additional video/audio tape of conversations including the defendant is available on the date of this response for review in the United States Attorney's office, 500 E. Broward Blvd., Suite 700, Ft. Lauderdale, Florida.

The attachments to this discovery response are not necessarily copies of all the books, papers, documents, etc., that the government may intend to introduce at trial.

6.   A laboratory analysis of the substance seized in connection with this case will be made available to you upon receipt by this office.

B.       DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order.   This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.       The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

2

D.      The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.      The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.      No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.      The government has advised its agents and officers involved in this case to preserve all rough notes.

H.      The government will timely advise the defendant of its intent, if any, to introduce during its case in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      The government will, upon defense request, deliver to any laboratory presently registered with the Attorney General in compliance with 21 U.S.C. § 822 and § 823 and 21 C.F.R. 1301.13, a sufficient representative sample of any alleged contraband which is the subject of this indictment to allow independent chemical analysis of such sample.

        If there is no response within ten (10) days from the date of the Certificate of Service attached

3

hereto, the bulk of the contraband/narcotics will be destroyed. As usual, random samples will be set aside to be used as evidence at trial.

L.      The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.      The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.      N/A at this time; to be furnished when forensic analysis of controlled substance is complete.

O.      N/A

P.      N/A

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, Brady, Giglio, Napue, and the obligation to assure a fair trial.

In addition to the request made above by the government pursuant to both Section B of the Standing Discovery Order and Rule 16(b) of the Federal Rules of Criminal Procedure, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure, the government hereby demands Notice of Alibi defense; the approximate time, date, and place of the offense was:

        Time:  Approximately 5:16-6:00 and 6:45-8:00 p.m.
        Date:  April 4, 2000
        Place: 4170 Oakwood Blvd., Hollywood, Florida

[ For all other dates alleged in indictment to include locations in the Southern District of Florida, including Miami Beach/Miami, Dade County and other locations unknown to the government]

The attachments to this response are numbered pages 1- 95  .

4

Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

THOMAS E. SCOTT
UNITED STATES ATTORNEY

By: _____

DEBRA J. STUART
Assistant United States Attorney
Court No.  5500061
500 E. Broward BLvd.
Ft. Lauderdale, Fl 33394
Tel: (954) 356-7255
Fax: (954) 356-7336

cc:  Special Agent Ayala
     Drug Enforcement Administration

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 4th day of May, 2000 to: Marty Bidwell, Assistant Federal Public Defender, 101 N.E. 3rd Avenue, Ft. Lauderdale, Fl 33301.

_____
DEBRA J. STUART
Assistant United States Attorney