UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6094-CR-ROETTGER
Magistrate Judge Snow

UNITED STATES OF AMERICA.

    Plaintiff,

v.

JUANA C. DUQUE-DIAZ,

    Defendant.

_____/

## SENTENCING MEMORANDUM

COMES NOW the defendant, Juana Carolina Duque-Diaz, through her undersigned counsel, and respectfully submits the following memorandum of law in support of her objections to the Presentence Investigation Report prepared in this case. The defendant hereby proffers the post-arrest statements of the defendant, the factual findings of the PSI regarding the offense, and the DEA reports as her evidence in support of the role reduction request.

## MITIGATING ROLE

The defendant respectfully requests an adjustment to the base offense level for her mitigating role in the offense pursuant to U.S.S.G. § 3B1.2. Section 3B1.2 provides as follows:

> Based on the defendant's role in the offense. decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.

1

    (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.

In cases falling between (a) and (b), decrease by 3 levels.

The defendant requests that the Court reduce the offense level by two levels because she was a minor participant in the subject offense.

The United States Sentencing Guidelines (U.S.S.G.) provide for a two level downward adjustment in a defendant's offense level if the defendant was a minor participant in any criminal activity. U.S.S.G. § 3B1.2(b). Application Note 3 to § 3B1.2 provides that a "minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, Application Note 3. The Guidelines define a "participant" as a "person who is criminally responsible for the commission of the offense, but need not have been convicted . . . ." U.S.S.G. § 3B1.1, commentary (n.1). Accordingly, and as this Court recently emphasized in *United States v. Rodriguez De Varon*, 175 F.3d 930 (11th Cir. 1999) (en banc), the Guidelines require consideration of all criminally culpable participants in a criminal scheme when determining the role of a certain defendant. *See* U.S.S.G. Ch. 3, Part B, Introductory Commentary; U.S.S.G. § 1B1.3.

The role analysis must begin, of course, with a determination of what the defendant's role was. According to the PSI, the defendant was responsible for "smuggl[ing] the heroin into the United States at the direction of 'El Negro,'" and then delivering the heroin to the informant. PSI ¶ 12. That being so, most other participants in the enterprise are more culpable than the defendant. For example, El Negro was the owner of the heroin and is therefore more culpable than the defendant. Moreover, El Negro recruited the defendant and was extensively involved in planning

the crime. *Cf.* U.S.S.G. § 3B1.1, Commentary (n.4) ("Factors the court should consider [in determining whether a person qualifies for an **aggravating** role] include the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.") Gesen also was extensively involved in the negotiations regarding the sale of the heroin and was clearly one of the organizers of the crime. That being the case, Duque's role clearly was "minor" as compared to Gesen and El Negro.

The defendant's role essentially was to transport the heroin from Colombia to the United States. That being the case, she is less culpable than the other participants in the crime. Consequently, a two level reduction under § 3B1.2 is warranted. *Cf. United States v. Veloza*, 83 F.3d 380, 381-82 (11th Cir. 1996) (noting that "the act of transporting illegal drugs, in and of itself, cannot, as a matter of law, preclude a defendant from receiving a downward adjustment based on his role in the offense.").

                          Respectfully submitted,

                          KATHLEEN M. WILLIAMS
                          FEDERAL PUBLIC DEFENDER

By: *[signature]*

                          Martin J. Bidwill
                          Assistant Federal Public Defender
                          Attorney for Defendant
                          Florida Bar No. 868795
                          101 N.E. 3rd Avenue, #202
                          Fort Lauderdale, Florida 33301
                          (305) 356-7436 / 356-7556 (Fax)

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 28th day of August, 2000, to Debra Stuart, Assistant United States Attorney, 500 East Broward Boulevard, Suite 700, Miami, Florida 33394; Frances Weisberg, U.S. Probation Officer, 300 N.E. 1st Avenue, Room 315, Miami, Florida 33132.

Martin J. Bidwill