UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6094-CR-ROETTGER
Magistrate Judge Snow



UNITED STATES OF AMERICA,

    Plaintiff,

v.

JUANA C. DUQUE-DIAZ,

    Defendant.

_____/

## DEFENDANT'S OBJECTIONS TO
## PRE-SENTENCE INVESTIGATION REPORT

COMES NOW the defendant, Juana Carolina Duque-Diaz, through her undersigned counsel, and pursuant to Administrative Order 95-02, and files the following objections to the Presentence Investigation Report ("PSI") prepared in the instant case.

The following objections relate to the guidelines computation contained in the PSI and, if sustained, would change the sentencing range set forth therein:

1.     In paragraphs 12 and 21 of the PSI, the probation office finds that the defendant is not entitled to a role adjustment under § 3B1.2. The defendant objects to this finding and requests a two level downward adjustment for being a minor participant in the offense. Pursuant to

1



Application Note 3 of U.S.S.G. § 3B1.2, the defendant is a participant who "is less culpable than most other participants." Accordingly, she should receive a two level downward adjustment for her minor role in the offense.

2. Paragraph 13 of the PSI describes the role of co-conspirator Vanessa Gesen and finds that "[n]either an aggravating nor mitigating role adjustment would be warranted." The defendant objects to this finding. Pursuant to U.S.S.G. § 3B1.1, Gesen qualifies for an aggravating role in the offense as she was an organizer, leader, manager, and supervisor in the criminal activity. Pursuant to Application Note 4 to U.S.S.G. § 3B1.1, Gesen, who is a fugitive in an unrelated DEA investigation in New York, exercised decision making authority, was extensively involved in the negotiations for the sale of the heroin, had a claimed right to a larger share of the profits, was extensively involved in the planning and organizing of the offense, and clearly exercised authority over others. Indeed, during conversations with the informant, Gesen allegedly used the term "[my] organization" indicating a leadership role. *See* Criminal Complaint ¶ 3. Gesen clearly would qualify for an aggravating role adjustment.

3. Paragraph 14 of the PSI declines to find that the man named "El Negro" qualifies for an aggravating role adjustment. The defendant objects to this finding. Pursuant to 3B1.1, "El Negro" was an "organizer, leader, manager, and supervisor regarding the joint criminal activity." Pursuant to Application Note 4 to U.S.S.G. § 3B1.1, El Negro exercised decision making authority, was extensively involved in the negotiations for the sale of the heroin, had a claimed right to a larger share of the profits, was extensively involved in the planning and organizing of the offense, and clearly exercised authority over others including the defendant. Moreover, El Negro recruited the

defendant to participate in the offense. El Negro clearly would qualify for an aggravating role adjustment under § 3B1.1.

4. In paragraph 52 of the PSI, the probation office finds that the defendant does not have the ability to pay a fine, but that she will be able to pay a fine through the Inmate Financial Responsibility Program. The defendant has no ability to pay a fine and objects to this finding. Although she will earn wages while imprisoned, even under the Inmate Financial Responsibility Program the defendant's capability to pay a fine is limited by the extremely low wage paid to BOP inmates. Moreover, she will undoubtedly be deported upon completion of her prison sentence.

WHEREFORE the defendant prays that the court sustain her objections to the pre-sentence investigation report.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: *[signature]*

Martin J. Bidwill
Assistant Federal Public Defender
Attorney for Defendant
Florida Bar No. 868795
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / 356-7556 (Fax)

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this $\underline{26}^{th}$ day of August, 2000, to Debra Stuart, Assistant United States Attorney at 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394; Frances Weisberg, U.S. Probation Office, 300 N.E. 1st Avenue, Room 315, Miami, Florida 33132.

Martin J. Bidwill